The weight of authority appears to support the rule that onhabeas corpus the court may inquire whether there was any legal evidence before the committing magistrate to sustain the charge for which he was committed; that is, whether there is any evidence upon which the magistrate might reasonably find the existence of "good ground" (which means "probable cause") for holding the accused *Page 736h 
for trial. This is in a sense jurisdictional, as to commitments by Justices of the Peace. If there is no such evidence, as was the case here, the prisoner should be discharged. If there is such evidence, although controverted, the court will not endeavor to determine whether the magistrate exercised his jurisdiction erroneously in deciding as to the weight and credibility of the conflicting testimony but will remand the prisoner. As pointed out in the case of White v. Penton, in which the writer concurred and which I think is good law, it is not the function of the court on habeas corpus to determine the guilt or innocence of the accused on the merits. *Page 737